UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVIA AGUILERA, *individually and on behalf of the Estate of Roberto Corchado, Jr.*, *et al.*,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF FRESNO, *et al.*,<br><br>Defendants. | Case No. 1:23-cv-00746-ADA-EPG<br><br>ORDER DENYING DEFENDANTS' MOTION TO STAY<br><br>(ECF No. 11). |

On May 12, 2023, Plaintiffs Sylvia Aguilera and Roberto Corchado ("Plaintiffs) initiated this action pursuant to 42 U.S.C. § 1983 and California law.[1] (ECF No. 1). This action arises from the death of Plaintiffs' son, Roberto Corchado, Jr. ("Roberto"), during an incident between Roberto and Fresno Police Department officers on March 4, 2023. Before the Court is a motion brought by the City of Fresno, Bryce Hammond, Luke Tran, and Paco Balderrama (collectively, "Defendants'") to stay this action pending completion of a criminal investigation into the incident conducted by the California Department of Justice ("CA DOJ") pursuant to California Assembly

---

[1] Plaintiff Sylvia Aguilera proceeds in this lawsuit individually and on behalf of the Estate of Roberto Corchado, Jr. (ECF No. 1, p. 2). Plaintiff Roberto Corchado proceeds in this lawsuit by and through his power of attorney, Aysha Corchado. (*Id.*)

1

Bill 1506 ("AB 1506"). (ECF No. 11). The motion was referred by the presiding district judge for decision. (ECF No. 12). For the reasons that follow, the Court will deny Defendants' motion to stay.

## I.   BACKGROUND

Plaintiffs' complaint arises from the shooting death of Plaintiffs' son, Roberto, during an incident between Roberto and Fresno Police Department officers, including Defendants Tran and and Hammond, on March 4, 2023. (ECF No. 1). Plaintiffs generally allege that the use of lethal force against Roberto was unjustified. Plaintiffs assert claims on behalf of Roberto's estate against all defendants for excessive force in violation of the Fourth Amendment, and on behalf of themselves against all defendants for violations of their Fourteenth Amendment right to a familial relationship. Plaintiffs also asserts Section 1983 claims against the City of Fresno for failure to train and/or supervise and for unconstitutional custom, practice, or policy. Further, Plaintiffs assert state law claims against all defendants, including wrongful death, violations of the Bane Act (California Civil Code § 52.1), and assault and battery.

On August 2, 2023, Defendants filed a motion to stay this action pending the completion of the CA DOJ's criminal investigation, which is mandated by Assembly Bill AB 1506 ("AB 1506"). (ECF No. 11). According to the California Department of Justice's website, AB 1506 requires the CA DOJ "to investigate all incidents of an officer-involved shooting resulting in the death of an unarmed civilian in the state." AB 1506: Officer-Involved Shooting Investigations and Reviews, https://oag.ca.gov/ois-incidents (Date accessed: Oct. 4, 2023). The CA DOJ "will investigate and review for potential criminal liability all such incidents covered under AB 1506, as enacted in California Government Code section 12525.3." Id. In order to maintain public trust, the CA DOJ "will, as soon as feasible and appropriate, disseminate relevant information and materials about covered incidents and, ultimately, make public its determinations regarding the criminal prosecution of such incidents." Id. If criminal charges are not appropriate, the CA DOJ will make a public report including, among other things, "[a]n explanation of why it was determined that criminal charges were not appropriate." Id.

Defendants generally argue that the CA DOJ investigation is a parallel criminal proceeding to Plaintiffs' civil action, and thus, a stay in proceedings is warranted. Alternatively,

Defendants request a protective order to stay all discovery. Defendants argue that a stay is necessary for several reasons: 1) allowing discovery to proceed during the ongoing CA DOJ investigation is likely to infringe individual defendants' Fifth Amendment right against self-incrimination; 2) disclosing information and records in discovery could put potential witnesses and suspects in danger; 3) any discovery related to the underlying incident would be privileged from disclosure because it would be subject to the ongoing CA DOJ investigation; and 4) Plaintiffs would be minimally prejudiced, if at all, by a stay in discovery. Finally, Defendants argue that they will suffer irreparable prejudice if a stay is not granted because the CA DOJ investigation will be compromised by the disclosure of confidential and privileged records and information.

Plaintiffs oppose. (ECF Nos. 14, 15).[2] Plaintiffs contend that a stay is not justified by the potential of any related criminal proceeding resulting from the CA DOJ investigation. Plaintiffs also argue that a stay is not justified based on privilege. Finally, Plaintiffs argue that the relevant factors do not favor imposing a stay, including because Plaintiffs would be prejudiced by the deprivation of crucial information and discovery and because a stay would cause undue delay.

Defendants did not file a reply.

### III.  LEGAL STANDARDS

The Supreme Court has recognized that a court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936); see also Clinton v. Jones, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). A stay is "an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case." Nken v. Holder, 556 U.S. 418, 433–34 (2009) (internal quotation marks and citations omitted).

"The Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings." Keating v. Office of Thrift Supervision, 45 F.3d 322, 324 (9th

---

[2] Plaintiffs filed an opposition on August 16, 2023. (ECF No. 14). Plaintiffs filed a corrected opposition on August 17, 2023. (ECF No. 15).

Cir. 1995). "In the absence of substantial prejudice to the rights of the parties involved, [simultaneous] parallel [civil and criminal] proceedings are unobjectionable under our jurisprudence." Id. (alterations in original). "Nevertheless, a court may decide in its discretion to stay civil proceedings … when the interests of justice seem [] to require such action." Id. (alterations in original) (citations and internal quotation marks omitted). As the Ninth Circuit has explained:

> The decision whether to stay civil proceedings in the face of a parallel criminal proceeding should be made in light of the particular circumstances and competing interests involved in the case. This means the decisionmaker should consider the extent to which the defendant's fifth amendment rights are implicated. In addition, the decisionmaker should generally consider the following factors: (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

Id. at 324-25 (citations and internal quotation marks omitted).

## IV.   ANALYSIS

At the outset, it is worth noting that the Keating factors do not directly apply to this situation. There is no pending parallel criminal proceeding. Instead, the California DOJ has initiated an investigation under California law. Such investigation may or may not result in eventual criminal charges. Moreover, as Plaintiffs point out, since AB 1506 was enacted, the CA DOJ has conducted forty-four investigations into officer-involved shootings, and has thus far only returned three reports, finding in favor of the officers in each case. (ECF No. 15, pp. 5-6). To date, no criminal charges have resulted from such an investigation.

Indeed, Defendants cite no case imposing a stay of civil proceedings based solely on an AB 1506 investigation, and multiple courts have declined to impose such a stay. See, e.g., Sartor v. County of Riverside, No. EDCV 2201410 JGB (SPx), 2022 WL 18278597, at *4 (C.D. Cal. Nov. 30, 2022) ("Given that CA DOJ automatically investigates every one of these incidents, Defendants effectively ask the Court to 'create a banket rule requiring a stay of civil proceedings where there is a mere possibility of criminal charges against the involved officers.'") (citing Herd v. County of San Bernardino, No. ED CV 17-02545-AB (SPx), 2018 WL 58161675, at *2 (C.D.

Cal. Sept. 17, 2018)).

Nevertheless, as this Court has discretion to impose a stay and the *Keating* factors address relevant considerations, the Court will use those factors to evaluate the request for a stay pending the AB 1506 investigation.

### A. Fifth Amendment Rights

The Court first considers the impact on individual defendants' Fifth Amendment rights, including Defendants Tran, Hammond, and Balderrama, before weighing the five Keating factors.

While "[a] defendant has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege," whether the defendant's Fifth Amendment rights are implicated is a significant factor to consider. Keating, 45 F.3d at 325-26. The Fifth Amendment is implicated when parallel proceedings are "based on the same set of facts." See ESG Capital Partners LP v. Statos, 22 F.Supp.3d 1042, 1046 (C.D. Cal. 2014). If a civil litigant asserts their Fifth Amendment right, then "an adverse inference can be drawn against him." ESG Capital at 1046 (relying on Doe ex rel. Rudy-Glanzer v. Glanzer, 232 F.3d 1258, 1264 (9th Cir. 2000)). On the other hand, "if he cooperates with discovery in the civil case or gives incriminating testimony, it can be used against him in the criminal trial." Id.

Here, as discussed above, there are no criminal proceedings against any defendant at this time. Defendants seek a stay because criminal charges remain a possibility while the underlying incident remains under investigation. Defendants argue that "the right to assert the 'privilege against self-incrimination does not depend upon the likelihood, but upon the possibility of prosecution.'" (ECF No. 11, p. 18) (citing In re Master Key Litig., 507 F.2d 292, 293 (9th Cir. 1974)). However, the Ninth Circuit has advised that "[t]he case for staying civil proceedings is a far weaker one when no indictment has been returned, and no Fifth Amendment privilege is threatened." Federal Sav. & Loan Ins. Corp v. Molinaro, 889 F.2d 899, 903 (9th Cir. 1989) (internal quotation marks and citations omitted). See also Estate of Rob Marquise Adams v. City of San Bernardino, No. EDCV 22-2206 JGB (SPx). 2023 WL 4843074, at * 4 (C.D. Cal. June 1, 2023) ("[T]he Court finds that Defendant has made a wholly speculative showing as to any burden on the Fifth Amendment rights of the involved officers and that the possibility that criminal charges will be brought is remote.").

Moreover, it is possible that the timing of discovery and/or protective orders could alleviate any threat to Fifth Amendment rights. This case has not yet been scheduled and discovery has not begun. According to Defendants' proposed timeline of the investigation, the investigation may be concluded before discovery implicating the Fifth Amendment begins. Moreover, Plaintiffs represent that they are "willing to agree to postpone the depositions of Officers Hammond and Tran until the DOJ investigation concludes." (ECF No. 15, p. 7). Given these variables, the Court cannot find that a complete stay of the case, or discovery, is needed to preserve Defendant's Fifth Amendment rights. *See* Commodity Futures Trading Commission v. Financial Tree, No. 2:20-cv-01184-TLN-AC, 2021 WL 600959, at *4 (E.D. Cal. Feb. 16, 2021) (denying stay premised on pending FBI investigation because defendant did not demonstrate "an inability to respond to *any* discovery with information that does not tend to incriminate [defendant]. . .or that [defendant's Fifth Amendment] privilege cannot be protected through less-severe alternatives, such as protective orders or stipulated conditions to discovery") (internal citations omitted) (emphasis in original).

**B.     The Non-Moving Parties' Interest in Proceeding Expeditiously**

Defendants seek a temporary stay of "at least six months." (ECF No. 11, p. 15). Defendants argue that any prejudice resulting from a temporary stay is minimal because the CA DOJ investigation has been ongoing for some time (since March 4, 2023), and is only one of forty-one other such investigations, so "it is reasonable to presume that this case is likely to conclude in a relatively short amount of time." (Id., p. 12). Defendants further argue that a stay in discovery will not prejudice Plaintiffs because the Fresno Police Department released a thirteen-minute critical incident video that provides many of the material facts. (Id., pp. 12-13). Defendants also argue that Plaintiffs may obtain their own witness statements and expert witnesses during the duration of a stay. (Id., p. 15). Moreover, Defendants assert that Plaintiffs will not be prejudiced in their ability to recover a remedy because they only seek monetary damages, and not an injunction. (Id., pp. 15-16).

However, even if the relief is monetary damages, Plaintiffs "have a strong interest in resolving their claims expeditiously and in vindicating any constitutional or statutory violations to which they may have been subjected." Melendres v. Maricopa County, 2009 WL 2515618, at * 2

(D. Ariz. Aug. 13, 2009) (denying stay that was requested by law enforcement agency defendant because of a pending federal Department of Justice investigation).

The lack of a definite end to the stay also weighs against a stay. Dependable Highway Exp., Inc. v. Navigators Ins. Co., 498 F.3d 1059, 1066-67 ("Generally, stays should not be indefinite in nature. . . Thus, in light of the general policy favoring stays of short, or at least reasonable, duration, the district court erred by issuing a stay without any indication that it would last only for a reasonable time."). Although Defendants argue that any stay would likely be short, Plaintiffs include as an exhibit the list of pending AB 1506 investigations that is available on the California Department of Justice's website. (See ECF No. 15, pp. 12-21). This small sample indicates that the CA DOJ investigation could take two years or more. (See id.)

Further, a delay in proceedings prejudices Plaintiffs because witnesses may relocate, memories may fade, and evidence may become stale. See Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002). And while the evidence gathered during the CA DOJ investigation might eventually become available to Plaintiffs, delay at this juncture deprives Plaintiffs of the ability to pose their own questions to witnesses with the benefit of internal reports, documents, or other discovery Plaintiffs might request from Defendants.

### C. The Burden on Defendants

Regarding the burden, Defendants will be burdened by allowing discovery to go forward because certain documents, such as personnel files, might be subject to the "federal law enforcement privilege." (ECF No. 11, p. 20). Defendants contend that the disclosure of privileged records and information compromises the integrity of the CA DOJ investigation and the safety of those involved. (Id., p. 21).

At this early stage in the case, Defendants would not face an undue burden in litigating the civil case. Plaintiffs indicate in their opposition that "Plaintiffs' counsel would be willing to sign reasonably crafted protective orders relating to the personnel and investigation files of peace officers" and, as discussed above, "Plaintiffs are also willing to agree to postpone the depositions of Officers Hammond and Tran until the DOJ investigation concludes." (ECF No. 15, p. 7). Defendants did not file a reply, and do not offer any reason why the normal discovery process that allows for objections on the basis of privilege is insufficient in this case.

7

Finally, Defendants only offer conclusory statements that, absent a stay, the disclosure of information and records endangers the integrity of the CA DOJ investigation and to the safety of those involved. To the extent that the safety of those involved is threatened by opening up discovery in a sensitive case of local interest, the Court finds that the increase in risk is marginal because, as Defendants assert, the Fresno Police Department has already released a thirteen-minute video that includes video and still photographs of the incident. Moreover, Defendants have not explained why a protective order would be insufficient to "safeguard the criminal investigation, protect the legitimate concerns of the parties, and facilitate truth-seeking through an efficient discovery process." Estate of Rob Marquise, 2023 WL 4843074, at *8.

### D.     Judicial Efficiency

The third Keating factor, judicial efficiency, does not favor the imposition of a stay. "Courts have recognized that [this] Keating factor normally does not favor granting a stay, because the court has an interest in clearing its docket" ESG Capital Partners LP v. Stratos, 22 F.Supp.3d 1042, 1047 (C.D. Cal. 2014) (internal citations and quotation marks omitted). Defendants argue that judicial efficiency is served by staying this case because the pending CA DOJ investigation will involve many, if not all, of the same facts and some of the same issues, as Plaintiffs civil action. However, "[c]ourts routinely reject this argument on analogous facts." Sartor, 2022 WL 18278597, at * 8 (rejecting defendants' argument that an AB 1506 investigation would resolve many of the same facts brought in a parallel civil case alleging Section 1983 claims for excessive force and interference with familial rights, as well as Bane Act violations and state law tort claims); see also eBay, Inc. v. Digital Point Sols, Inc., 2010 WL 702463, at *6 (N.D. Cal. Feb. 25, 2010) ("[T]he extent to which common issues would be resolved in a criminal proceeding is speculative when no criminal charges are actually pending."). As the potential benefit to judicial efficiency gained by allowing the CA DOJ investigation to conclude is uncertain, at best, the Court finds that this factor weighs against a stay.

### E.     The Interests of Third Parties

The next Keating factor, the interests of third parties, does not appear to be implicated in this case. See e.g., Petrov v. Alameda County, 2016 WL 6563355, at *6 (N.D. Cal. November 4, 2016) ("[C]ourts have found [the fourth factor] salient…where the third parties at issue had a

direct interest in the outcome of the litigation.") (internal citations omitted); ESG Capital, 22 F. Supp.3d at 1047 (finding the fourth factor neutral when neither party identified a third-party interest).

### F. The Interests of the Public

Finally, Defendants argue that the fifth Keating factor, the interest of the public in the pending civil and criminal litigation, weighs in favor of a stay because "public policy favors fair trials." (ECF No. 11, p. 22). Defendants contend that the public interest in speedy trials cannot take precedent over protecting the constitutional rights of individual parties.

Given the fact that no defendant has been criminally charged, the Court finds that the public interest is best served by the speedy resolution of Plaintiffs' civil rights claims. Estate of Morad v. City of Long Beach, No. CV 16-06785 MWF (AJWx) 2017 WL 5187826, at *9 (C.D. Cal. Apr. 28, 2017) ("It is especially important, in cases where police misconduct has been alleged, for the public to see justice be fairly and efficiently done."). The Court therefore finds that the public interests involved weigh in favor of a stay.

### V.    CONCLUSION AND ORDER

Based on the foregoing, the Court finds that a stay is not warranted. Accordingly, IT IS ORDERED that:

1. Defendants' motion to stay is DENIED;
2. The parties are reminded to contact the Court's Courtroom Deputy, Michelle Means Rooney (mrooney@caed.uscourts.gov), within ten days of this order, to secure a date for the initial scheduling conference. (See ECF No. 13).

IT IS SO ORDERED.

Dated:  **October 10, 2023**                /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE

9