UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVIA AGUILERA, *individually and on behalf of the Estate of Roberto Corchado, Jr., et al.*, <br><br>Plaintiffs, <br><br>v. <br><br>CITY OF FRESNO, *et al.*, <br><br>Defendants. | Case No. 1:23-cv-00746-KES-EPG <br><br>ORDER DENYING STIPULATED PROTECTIVE ORDER WITHOUT PREJUDICE <br><br>(ECF No. 24). |

On May 20, 2024, the parties filed a stipulated protective order for the Court's approval. (ECF No. 24). The stipulated protective order will be denied, without prejudice, because it does not comply with Local Rule 141.1.

Local Rule 141.1(c), requires that every proposed protective order contain the following provisions:

> (1) A description of the types of information eligible for protection under the order, with the description provided in general terms sufficient to reveal the nature of the information (e.g., customer list, formula for soda, diary of a troubled child);
>
> (2) A showing of particularized need for protection as to each category of information proposed to be covered by the order; and

1

> (3) A showing as to why the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties.

LR 141.1(c).

Here, the parties' stipulated protective order contains conflicting contentions from both parties. Defendants' good cause statement contends "that there is good cause and a particularized need for a protective order to preserve the interests of confidentiality and privacy in peace officer personnel file records and associated investigative or confidential records for the following reasons." (ECF No. 24 at 2). Defendants cite several reasons why good cause exist to include such documents within a protective order: 1) ongoing criminal investigations by the California DOJ and Fresno District Attorney's Office require that such information remain confidential until those investigations are completed; 2) Defendants Hammond and Tran cannot participate in civil discovery until the DOJ and DA's office decline prosecution because of their Fifth Amendment privilege against self-incrimination; 3) peace officers, municipalities and law enforcement agencies have several federal privileges related to the privacy and dissemination of personnel files. (*Id.* at 2-5).

However, Plaintiffs' state that they "do not agree with and do not stipulate to defendants' contentions herein above, and nothing in this Stipulation or its associated Protective Order shall resolve the parties' disagreement, or bind them, concerning the legal statements and claimed privileges set forth above." (*Id.* at 5). The stipulation then goes on to state that "[t]he parties jointly contend that there is typically a particularized need for protection as to any medical or psychotherapeutic records and autopsy photographs, because of the privacy interests at stake therein." (*Id.*)

Although Plaintiffs state they agree there is good cause for a protective order "so as to preserve the respective interests of the parties without the need to further burden the Court with such issues," it is unclear to the Court whether the parties agree as to the type of information subject to the proposed protective order. Moreover, the parties' stipulation defines "confidential" information to mean "information, regardless of how it is generated, stored or maintained, or

tangible things that qualify for protection under Federal Rule of Civil Procedure, Rule 26(c), and as specified above in the Good Cause Statement." (*Id.* at 6). Such a catchall description is not sufficient "in general terms [] to reveal the nature of the information" under LR 141.1(c)(1). For example, the parties do not generally identify "confidential" information to include, *e.g.*, a customer list or some other descriptor to reveal the general type of information deemed confidential.

Accordingly, IT IS ORDERED that the parties' stipulated protective order (ECF No. 24) is denied, without prejudice, to filing a revised stipulated protective order that complies with LR 141.1.

If the parties cannot agree as to the specific categories or type of confidential information to be protected, the parties may file a motion for a protective order pursuant to LR 141.1(b)(1).

IT IS SO ORDERED.

Dated:   **May 22, 2024**                    /s/ Erica P. Grosjean
                                             UNITED STATES MAGISTRATE JUDGE

3